UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA WILLIAMS and MICHAEL STERMEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RED STONE, INC., as successor in interest to MACFARLANE GROUP, INC., MEDLEY OPPORTUNITY FUND II, LP, MARK CURRY, BRIAN MCGOWAN, VINCENT NEY, and other JOHN DOE persons or entities,<br><br>Defendants. | No. 2:18-cv-02747-MSG |

### DEFENDANT RED STONE, INC.'S
### MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS WITHOUT PREJUDICE OR TO STAY PROCEEDINGS

Specially-Appearing Defendant Red Stone, Inc., as successor in interest to MacFarlane Group, Inc. ("Red Stone"),[1] by counsel, respectfully moves this Court to dismiss this action under the first-filed rule because of three duplicative putative class actions that are pending in the Eastern District of Virginia. *See Solomon, et al. v. American Web Loan Inc., et al.*, No. 4:17-cv-00145-HCM-RJK (E.D. Va.); *Hengle, et al. v. Curry, et al.*, No. 4:18-cv-75-HCM-RJK (E.D. Va.); and *Glatt, et al. v. Curry, et al.*, No. 4:18-cv-00101-HCM-RJK (E.D. Va.). In the alternative, Red

---

[1] Red Stone, Inc. is wholly owned by the federally recognized Otoe-Missouria Tribe of Indians, and therefore appears here specially for the sole and limited purpose of filing this motion seeking dismissal or stay of this action. By making this motion, Red Stone does not waive, and expressly reserves, all defenses available to it, including lack of subject-matter jurisdiction and tribal immunity from suit.

Stone respectfully requests that the Court stay proceedings in this action pending resolution of those three putative class actions.

In the interest of judicial economy, and as expressly permitted by Federal Rule of Civil Procedure 10(c), Red Stone expressly adopts and incorporates by reference as if set forth in full herein the relevant background information, and arguments raised in the motion to dismiss without prejudice or to stay proceedings, and the accompanying memorandum of law and declaration in support thereof, filed by Defendant Mark Curry, on September 27, 2018.

Red Stone additionally states that, like Curry, it intends to file several threshold motions if this case moves forward, including motions (1) to compel arbitration under the terms of plaintiffs' loan agreements, (2) to dismiss for lack of subject-matter jurisdiction, because Red Stone is immune from suit as an arm of the Otoe-Missouria Tribe, and (3) to transfer to the Western District of Oklahoma, where Red Stone, the Tribe, key witnesses, and documents are located.  It therefore reiterates the parties' joint request, made by letter to chambers on September 20, 2018, that the Court extend the moving defendants' deadline to answer or otherwise respond to the First Amended Complaint until three weeks following the Court's ruling on Curry, McGowan, Ney, and Red Stone's motions for relief pursuant to the first-filed rule.

Date:  September 28, 2018    Respectfully submitted,

RED STONE, INC., successor in interest to
MACFARLANE GROUP, INC.

By Counsel


  /s/ Matthew C. Celestin
Matthew C. Celestin, PA State Bar No. 316004
Jonathan E. Paikin (pro hac vice to be submitted)
WILMER CUTLER PICKERING HALE & DORR
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006

Telephone: (202) 663-6317
Fax: (202) 663-6363
matthew.celestin@wilmerhale.com
jonathan.paikin@wilmerhale.com

Tamara S. Grimm, Esquire
O'HAGAN MEYER
100 North 18th Street, Suite 700
Two Logan Square
Philadelphia, PA  19103
Telephone: (267) 386-4365
Fax: (215) 665-8300
tgrimm@ohaganmeyer.com

*Counsel for Specially-Appearing Defendant*
*Red Stone, Inc., successor in interest to*
*MacFarlane Group, Inc.*