UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA WILLIAMS and MICHAEL STERMEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RED STONE, INC., as successor in interest to MACFARLANE GROUP, INC., MEDLEY OPPORTUNITY FUND II, LP, MARK CURRY, BRIAN MCGOWAN, VINCENT NEY, and other JOHN DOE persons or entities,<br><br>Defendants. | No. 2:18-cv-02747-MSG |

**DEFENDANT MARK CURRY'S REPLY IN SUPPORT OF
MOTION TO DISMISS WITHOUT PREJUDICE OR TO STAY PROCEEDINGS
PURSUANT TO THE FIRST-FILED RULE**

On October 15, 2018, Plaintiffs' counsel notified the Court that the plaintiffs in *Glatt, et al. v. Curry, et al.*, No. 4:18-cv-00101-HCM-RJK (E.D. Va.) voluntarily dismissed their complaint. Thereafter, on October 22, 2018, the parties reached a settlement in *Hengle, et al. v. Curry, et al.*, No. 4:18-cv-00075-HCM-RJK (E.D. Va.). Once the *Hengle* action is dismissed, there will be one first-filed action proceeding in the Eastern District of Virginia—*Solomon, et al. v. American Web Loan Inc., et al.*, No. 4:17-cv-00145-HCM-RJK (E.D. Va.) (filed Dec. 15, 2017). Because this action is materially on all fours with *Solomon*—indeed, Plaintiffs' opposition argues that *Solomon* is the only case relevant to the first-filed analysis—this action should be dismissed or stayed under the first-filed rule.

**Same Allegations:** This case and *Solomon* will succeed or fail based on the court's resolution of the same fundamental question: are AWL's loans legal? *Solomon* alleges that

AWL's loans were unlawful and that the defendants engaged in an "unlawful online payday lending scheme" that "is a prime example of what is known as a 'rent-a-tribe' lending operation." Am. Compl., *Solomon*, No. 4:17-cv-00145 (Mar. 9, 2018) at ¶ 6, ECF No. 41 ("*Solomon* Compl."). Here, Plaintiffs also contend that AWL's loans were unlawful and that the defendants were engaged in a "rent-a-tribe" scheme, with Curry purportedly driving the operation. *See* Am. Compl. ¶ 33–56.

**Similar Parties:** Because this case and *Solomon* are based on the same allegations, they also involve similar parties. *Solomon* names AWL, Curry, MacFarlane, Medley as defendants, among others. Here, Plaintiffs name Red Stone, Inc., as the successor in interest to MacFarlane, Curry, and Medley, adding only Ney and McGowan. Although Plaintiffs raise the concern that their claims against McGowan and Ney "could be extinguished if the statutes of limitations were to run," Pl. Br. at 16, that concern is easily mitigated by a stay in this action.

Plaintiffs emphasize that AWL, Inc. is not a defendant in this matter. But artful pleading does not change the fact that *their claims* are predicated on *the legality of AWL's loans*. Put another way, if AWL's loans are lawful, Plaintiffs have no case, regardless of whether AWL is a named defendant. The legality of AWL's loans, in turn, depends on whether Tribal law or state law is applied. Just like in *Solomon*, Curry will argue that AWL's loans are legal under Tribal law and that Tribal law applies to this action. *See* Mem. in Supp. of Mot. to Dismiss Pls.' Claims for Failure to State a Claim, *Solomon*, No. 4:17-cv-00145 (Apr. 9, 2018), ECF Nos. 79 & 87.

Moreover, AWL's entitlement to sovereign immunity is at issue here just as it is in *Solomon*. As Plaintiffs recognize, Tribes are entitled to sovereign immunity, and this immunity extends to the Tribe's economic subdivisions. *See* Pl. Br. at 17. Whether AWL is entitled to sovereign immunity as an economic arm of the Otoe-Missouria Tribe of Indians depends on

numerous factors. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1183–88 (10th Cir. 2010); *see also* Mem. in Supp. of Mot. to Dismiss Pls.' Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(1), *Solomon*, No. 4:17-cv-00145 (Apr. 9, 2018), ECF Nos. 73 & 85. The parties in *Solomon* are currently undertaking jurisdictional discovery on this matter. Resolution of this issue is significant, because a finding of sovereign immunity would deprive the court of subject matter jurisdiction over the underlying suit. Here, as in *Solomon*, Curry will argue that AWL is entitled to sovereign immunity and that he is entitled to derivative immunity, such that this matter should be dismissed for lack of subject matter jurisdiction. Accordingly, any suggestion that AWL's sovereign immunity is irrelevant here because "Plaintiffs did not sue" AWL is simply incorrect. *See* Pl. Br. at 16. Whether AWL is entitled to immunity, and whether this immunity extends to Curry, is a central issue here, just as it is in *Solomon*.

And beyond AWL's sovereign immunity, the immunity of a second tribal entity that the plaintiffs *did* sue will be a critical issue. *Cf.* Pl. Br. at 16. Red Stone, Inc., the first-named defendant, is also a wholly-owned arm of the Otoe-Missouria Tribe, and can be expected to assert its immunity from suit at the proper juncture. *See, e.g.*, Mem. in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), *Hengle*, No. 4:18-cv-00075 (Apr. 18, 2018), ECF No. 37 at 22–23 (explaining why Red Stone is an arm of the Tribe entitled to sovereign immunity). Regardless whether AWL is a party to this suit, the same sovereign-immunity issues about which Plaintiffs complain will drive much of the threshold litigation in this action.

**Overlapping Classes:** Both cases contain overlapping putative classes. *Solomon* is a putative nationwide class action of all consumers who took out loans from AWL. *Solomon* Compl. ¶ 198. This case seeks to certify a class (and sub-class) of consumers who reside in

Pennsylvania who took out loans from AWL. *See* Am. Compl. ¶¶ 79–80. Accordingly, *Solomon*'s putative nationwide class encompasses Plaintiff's class.

Of note, the putative class of Pennsylvania consumers in this case also maps directly on to the Pennsylvania sub-classes identified in the now-dismissed *Glatt* action. Matthew Wessler, who represents the Plaintiffs in this action, also represented the *Glatt* Plaintiffs. *See* Compl., *Glatt*, No. 4:17-cv-00101-HCM-RJK (E.D. Va. Aug. 9, 2018) at 30, ECF No. 1. The *Glatt* voluntary dismissal came only after the Eastern District of Virginia (1) denied Mr. Wessler's bid to become a member of a proposed interim class counsel committee in the *Solomon* case and (2) consolidated *Glatt* with the first-filed *Solomon* action. *See* Orders, *Glatt*, No. 4:18-cv-00101-HCM-RJK (E.D. Va. Sept. 17, 2018), ECF Nos. 19 and 20. Having been denied control of the nationwide class action pending in Virginia, Plaintiffs' counsel are presumably seeking greener pastures here. This Court should not tolerate such gamesmanship.

**<u>Substantively Identical Claims and Defenses:</u>** The putative class members in both cases bring substantively identical claims. *Solomon*'s putative nationwide class seeks to bring claims on behalf of all consumers who took out loans from AWL under RICO, the Electronic Funds Transfer Act, the Truth in Lending Act, and unjust enrichment. *Solomon* Compl. ¶¶ 198, 209–76. This case seeks to bring claims on behalf of all Pennsylvania residents who took out loans from AWL under RICO and various state law claims concerning the legality of AWL's loans. All of these claims rise and fall on whether AWL's loans are legal, in addition to whether AWL and Curry are entitled to assert immunity. Given this fundamental similarity, Curry will present the same defenses here as in *Solomon*. For example, the same motions that are now pending in *Solomon* will also be made here, including:

- Motions to dismiss on the basis of derivative sovereign immunity, because AWL is entitled to sovereign immunity as an arm of the Otoe-Missouria Tribe

of Indians, and Curry is entitled to derivative immunity as an officer of AWL; in addition, given Plaintiffs' decision *not* to name AWL as a party, Defendants also anticipate moving to dismiss for failure to join a necessary party, which would require dismissal if AWL is entitled to sovereign immunity and cannot be joined.

- Motions to dismiss for failure to state a claim, in part because AWL's loan agreements are governed by Tribal law and are lawful under Tribal law;

- Motions to compel arbitration, because AWL's loan agreements provide that disputes will be arbitrated; and

- Motions to transfer to the Western District of Oklahoma, because that is the location of the Tribe and key witnesses.

These issues are pending in the Eastern District of Virginia, with the Court indicating it will take up the issue of sovereign immunity first. *See* Transcript of Proceedings at 15–16, *Solomon*, No. 4:18-cv-00145 (Aug. 1, 2018). The dismissal of *Glatt* and the expected dismissal of *Hengle* have no impact on application of the first-filed rule. Given the substantial similarity between the parties, the claims, and the defenses in this matter and *Solomon*, a dismissal or stay under the first-filed rule is the appropriate remedy.

Dated: October 25, 2018

Respectfully Submitted,

By: s/ Rachel Rodman

Rachel Rodman (*pro hac vice*)
Craig Singer (PA State Bar No. 71394)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: rrodman@wc.com
E-mail: csinger@wc.com

*Attorneys for Specially-Appearing Defendant Mark Curry*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The foregoing is available for viewing and downloading from the CM/ECF system, which will also send e-mail notification of such filing to all attorneys of record in this action.

s/ Rachel Rodman
Rachel Rodman (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: rrodman@wc.com

*Attorney for Specially-Appearing Defendant Mark Curry*
