# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINA WILLIAMS, ET AL.,** | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| v. | : | No. 18-cv-2747 |
| **MACFARLANE GROUP, INC., ET AL.,** | : | |
| *Defendants*. | : | |

## ORDER

AND NOW, this 4th day of January, 2019, upon consideration of the Motion to Dismiss filed by Defendants Mark Curry, Vincent Ney, and Brian McGowan (ECF No. 24), the Motion to Dismiss filed by Defendant Red Stone, Inc. (ECF No. 25), and Plaintiffs' Combined Response in Opposition (ECF No. 33), I find as follows:

## I. FACTUAL BACKGROUND

1. On July 26, 2018, Plaintiffs filed an Amended Complaint, alleging the following five counts: (1) Violation of the Pennsylvania Usury Law; (2) Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; (3) Violation of the Pennsylvania Fair Credit Extension Uniformity Act; (4) Violation of the Pennsylvania Credit Services Act; and (5) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2. Plaintiffs bring the lawsuit on behalf of themselves and a Class and Subclass of consumers in Pennsylvania who were allegedly victimized by predatory loans with

1

unlawful interest charges of 400% to 700% APR, which are referred to as "payday loans." (Am. Compl. ¶ 1.)

3. Specifically, Plaintiffs allege the following facts in the Complaint:

   – Defendant Curry founded MacFarlane Group, Inc. ("MacFarlane Group") in 2010 and Defendant McGowan served as the Executive Vice President and Chief Treasury Officer. (Id. ¶¶ 33, 35.)

   – MacFarlane Group provided "a variety of business services, including customer lead-generation, call-center support, management services, information technology services, marketing, and analytics." (Id. ¶ 36.)

   – In February 2011, Defendant Curry and the Otoe-Missouria Tribe (the "Tribe") created American Web Loan, Inc. (Id. ¶¶ 39–40.)

   – American Web Loan, Inc. has been barred from doing business in "several states – specifically, New York and Connecticut." (Id. ¶ 45.)

   – While American Web Loan, Inc. has allegedly generated over $100 million in profits for MacFarlane Group as of 2014, only approximately 1% of revenue went to the Tribe. (Id. ¶ 46.)

   – On September 21, 2016, the Tribe created a new entity, AWL, Inc. (Id. ¶ 49.)

   – On October 3, 2016, MacFarlane Group merged into Red Stone, Inc. ("Red Stone"), whereby MacFarlane Group ceased to exist and Red Stone continued operations. Red Stone is a corporation formed under the laws of the Tribe. (Id. ¶ 50.) Plaintiffs allege that the purpose of this merger was to "shield MacFarlane Group from liability for its involvement with the funding of American Web Loans, Inc.'s and/or AWL, Inc.'s illegal payday loans through the legal doctrine of tribal severing immunity." (Id. ¶¶ 50–51.)

   – AWL, Inc. is registered as a foreign corporation in Illinois, Kansas, Nevada, and Texas. In Texas, Defendants Curry, McGowan, and Ney are listed as members of the Board of Directors. (Id. ¶¶ 52–53.)

   – Plaintiff Christina Williams entered into two payday loans. The first loan was entered into on January 17, 2017 with American Web Loans, Inc. for $1,400 that was due on October 27, 2017. William's incurred $4,605.94 in finance charges and $800 in interest. This loan had an Annual Percentage Rate ("APR") of approximately 520.90%. The second loan was entered into on April 25, 2017 with American Web Loans, Inc. for $1,600 due on February 2, 2018. Williams incurred $7,788.03 in finance charges and $747.50 in interest. This loan had an APR of approximately 233%. (Id. ¶¶ 57–71.)

- On July 28, 2017, Plaintiff Michael Stermel entered into a payday loan with AWL, Inc. for $1,000. Stermel paid $3,260.96 in finance charges and $426.16 in interest. This loan had an APR of approximately 496.55% . (Id. ¶¶ 72–78.)

4. Defendants argue that this case should be stayed under the First-Filed Rule because there are duplicate cases pending before the United States District Court for the Eastern District of Virginia. Plaintiffs respond that staying this case is inappropriate because the cases involve different parties and different claims. While one case involves Pennsylvania claims, it was filed after Plaintiffs filed the case that is presently before me.

## II. LEGAL STANDARD:

5. The First-Filed Rule "gives the court 'the power' the enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." E.E.O.C. v. Univ. of Penn., 850 F.2d 969, 971 (3d Cir. 1988).

6. The Third Circuit has not definitively ruled on whether the parties need to be identical. Landau v. Viridian Energy PA LLC, 274 F. Supp. 3d 329, 333 (E.D. Pa. 2017). I have previously found that two matters are not "truly duplicative" where a defendant is included only in one case, the factual allegations occur in different states, and none of the plaintiffs overlap. Martin v. Citizens Fin. Grp., Inc., No. CIV.A. 10-260, 2010 WL 3239187, at *2 (E.D. Pa. Aug. 13, 2010).

## III. DISCUSSION

7. Defendants urge that there are three relevant cases pending in the United States District Court for the Eastern District of Virginia. The first case, Solomon, et al. v. American Web Loan, Inc., et al., No. 4:17-0015 (E.D. Va. Dec. 15, 2017), was filed on December 15, 2017, alleging violations of RICO, the Electronic Funds Transfer Act, and the Truth

in Lending Act.  The second case, <u>Hengle, et al. v. Curry, et al.</u>, No. 4:18-0075 (E.D. Va. Feb. 13, 2018), was filed on February 13, 2018, alleging violations of RICO and the Virginia Usury Laws.  The third case, <u>Glatt, et al. v. Curry, et al.</u>, No. 4:18-cv-0101 (E.D. Va. Aug. 9, 2018), was filed on August 9, 2018, alleging violations of RICO, the Virginia Usury Law, various New Jersey consumer protection Laws, various Illinois consumer protection laws, the Pennsylvania Usury Law, the Pennsylvania Fair Credit Extension Uniformity Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

8. These three cases have been consolidated before the United States District Court for the Eastern District of Virginia under <u>Solomon</u> as the lead case.  <u>Hengle</u> was consolidated on August 8, 2018, and <u>Glatt</u> was consolidated on September 17, 2018.

9. The First-Filed Rule does not apply to <u>Solomon</u> or <u>Hengle</u> for several reasons.  First, these cases have different Defendants (<u>i.e.</u>, here, Plaintiffs have sued Brian McGowan and Vincent Ney, but not the defendants in the Virginia action, AWL, Inc. and American Web Loans, Inc.).  Second, the factual allegations occurred in different states (<u>i.e.</u>, Virginia, Illinois, New Jersey, and Pennsylvania).  And third, none of the plaintiffs overlap.

10. The First-Filed Rule does not apply to <u>Glatt</u> because the case pending before me was filed first on June 29, 2018, whereas <u>Glatt</u> was filed on August 9, 2018.

**WHEREFORE**, it is hereby **ORDERED** that the Motion to Dismiss filed by Defendants Mark Curry, Vincent Ney, and Brian McGowan (ECF No. 24), and the Motion to Dismiss filed by Defendant Red Stone, Inc. (ECF No. 25), are **DENIED WITH PREJUDICE**.  Defendants shall file their responsive pleading **within seven (7) days** of the date of this Order.

BY THE COURT:

/s/ Mitchell S. Goldberg

_____
**MITCHELL S. GOLDBERG, J.**