UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA WILLIAMS, et al.**, on behalf of herself and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**RED STONE, INC.**, as successor in interest to **MACFARLANE GROUP, INC.**, et al.,<br><br>**Defendants.** | No. 2:18-cv-02747-MSG |

### NOTICE OF DEFENDANT MARK CURRY'S CONSENT AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendant Mark Curry consents to plaintiffs' motion for leave to file supplemental authority, namely *Gingras v. Think Finance, Inc.*, 2019 WL 1780951 (2d Cir. Apr. 24, 2019). *See* ECF No. 103. But plaintiffs are wrong that *Gingras*—which concerns a materially different arbitration agreement—supports their attempt to avoid arbitration. The Second Circuit emphasized the need to "consider the specific lending agreements between these Plaintiffs and these Defendants," 2019 WL 1780951, at *1, rather than grouping all tribal lenders together.

1. *Gingras* invalidated an arbitration agreement on prospective-waiver grounds because it was "[s]imilar to the agreement in" *Hayes v. Delbert Services Corp.*, 811 F.3d 666 (4th Cir. 2016), "requir[ing] the application of tribal law only and disclaim[ing] the application of state and federal law." 2019 WL 1780951 at *10. Like in *Hayes*, the agreement in *Gingras* expressly proclaimed that it was "subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe," such that "no other state or federal law or regulation shall apply." *Id.* at *2 (internal quotations omitted). *Gingras* shows the importance of the very different language in the arbitration agreement here, which states that *both* Otoe-Missouria law and "such federal law

as is applicable under the Indian Commerce Clause," will apply.  *See* Red Stone's Mem. in Supp. of Mot. to Compel Arbitration, Ex. A (ECF No. 79-1) at 18.  That language lets plaintiffs pursue their federal-law claims in arbitration because those claims involve generally applicable federal law.  *See* Reply (ECF No. 101-1) at 6, 10.  At bottom then, *Gingras* is simply another case with the same arbitration language as in *Hayes*, and without the crucial language here.[1]

    2.    Plaintiffs argue (Mot. 2) that *Gingras* shows that a "contract that contains an FAA-prohibited prospective waiver is unenforceable in its entirety, delegation clause included." That overstates the Second Circuit's holding—*Gringas* does not hold that a *prospective-waiver* challenge to an arbitration agreement automatically vitiates the delegation clause.[2]  The Second Circuit's analysis instead relied on the plaintiffs' "specific attack" that the delegation provision furthered defendants' "fraudulent" scheme to send all disputed issues to an illusory arbitral forum where the only review would come from a "sham" tribal court that defendants purportedly controlled.  2019 WL 1780951 at *9 (citing J. App. 55).  Plaintiffs here have never made any remotely similar charge about the arbitration process in their agreements, nor would there be any basis for doing so.

Dated: May 2, 2019                                                  Respectfully Submitted,

---

[1] As noted in Curry's reply, (ECF No. 101-1 at 5), the prospective-waiver doctrine applies only to "federal statutory right[s]," not state-law rights.  *Am. Express Co. v. Italian Colors Rest.,* 570 U.S. 228, 235 (2013).  Parties have "considerable latitude to choose what law governs" their agreement, *DirecTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015), and can freely "use a choice of law clause" that excludes all state law, *Hayes*, 811 F.3d at 675.

[2] Nor would there be any basis for such a holding.  Because the delegation clause is its own mini-contract, *see Rent-a-Center West v. Jackson*, 561 U.S. 63, 70 (2010), plaintiffs must specifically attack the validity of the delegation clause to invalidate it, *id.* at 71–72.  Here, plaintiffs try to satisfy that standard by arguing that the loan agreement's choice-of-law provision also invalidates the delegation provision.  *See* Pls' Opp. to Mot. to Compel Arbitration (ECF No. 100) at 15.  As Curry explained in his reply, that is simply wrong.  *See* Reply (ECF No. 101-1) at 3–5.

By: s/ Rachel Rodman
Rachel Rodman (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
E-mail: rrodman@wc.com

Ellen C. Brotman (PA State Bar No. 71775)
BROTMAN LAW
One South Broad Street
Suite 1500
Philadelphia, PA 19017
E-mail: ebrotman@ellenbrotmanlaw.com

*Attorneys for Specially-Appearing Defendant Mark Curry*

## CERTIFICATE OF SERVICE

On this 2nd day of May, 2019, I electronically filed the foregoing using the Court's CM/ECF system. The foregoing is available for viewing and downloading from that system, which will also send e-mail notification of such filing to all attorneys of record in this action.

          s/ Rachel Rodman
          Rachel Rodman (*pro hac vice*)
          WILLIAMS & CONNOLLY LLP
          725 Twelfth Street N.W.
          Washington, D.C. 20005
          Telephone: (202) 434-5000
          Facsimile: (202) 434-5029
          E-mail: rrodman@wc.com

          *Attorney for Specially-Appearing*
          *Defendant Mark Curry*